

COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

LIMITED SERVICE CORP.
Three Limited Parkway
Columbus, Ohio 43230,

and

LIMITED LOGISTICS SERVICES, INC.,
Three Limited Parkway
Columbus, Ohio 43230,

Plaintiffs,

vs.

M/V APL PERU, her engines, boilers, tackle, etc.

MITSUI O.S.K. LINES (AMERICA), INC.
aka MOL (America), Inc.
c/o CT Corporation System
1300 East Ninth Street
Cleveland, Ohio 44114,

APL CO. PTE LTD.
1111 Broadway
Oakland, CA 94607,

AMERICAN PRESIDENT LINES, LTD.,
c/o The Prentice-Hall Corporation System, Inc.,
Statutory Agent
50 West Broad Street, Suite 1800
Columbus, Ohio 43215,

HANSEATIC LLOYD SCHIFFAHRT GmbH & CO KG
Contrescarpe 45,
Bremen 28915, GERMANY,

HLL ATLANTIC SCHIFFAHRT GmbH & CO KG
Contrescarpe 45,
Bremen 28915, GERMANY,

09 CVH 10 15181

Judge ____________________

Case No. ____________________

**COMPLAINT**



**SPECTRUM BRANDS, INC., d/b/a RAYOVAC**
**601 Rayovac Drive**
**Madison, WI 53744-4960,**

**and**

**DOE CORPORATIONS,**

**Defendants.**

For their Complaint against Defendants M/V APL Peru, Mitsui O.S.K. Lines (America), Inc. a/k/a MOL (America), Inc. ("MOL"), APL Co. Pte Ltd. and American President Lines, Ltd. (jointly "APL"), Hanseatic Lloyd Schiffahrt GmbH & CO KG ("Hanseatic"), HLL Atlantic Schiffahrt GmbH & CO KG ("HLL"), Spectrum Brands, Inc., d/b/a Rayovac ("Rayovac"), and certain other corporations/entities the identity of which presently are unknown (the "Doe Parties"), Plaintiffs Limited Service Corp.. ("Limited"), and Limited Logistics Services, Inc. ("LLS") (jointly, "Plaintiffs") allege as follows:

**The Parties**

1. Limited is a Delaware corporation with its principle place of business in Franklin County, Ohio.

2. LLS is a Delaware corporation with its principle place of business in Franklin County, Ohio.

3. Upon information and belief, MOL is a California corporation which conducts business in Franklin County, Ohio and regularly does or solicits business, engages in other persistent course of conduct, or derives substantial revenue from goods uses or consumed or services rendered in Ohio. Pursuant to contract, MOL has agreed to submit itself to the jurisdiction of the courts located in Franklin County, Ohio.

4. Upon information and belief, APL Co. Pte Ltd. is a California company which conducts business in Franklin County, Ohio and regularly does or solicits business, engages in other persistent course of conduct, or derives substantial revenue from goods uses or consumed or services rendered in Ohio. Pursuant to contract, APL has agreed to submit itself to the jurisdiction of the courts located in Franklin County, Ohio.

5. Upon information and belief, American President Lines, Ltd. is a Delaware company which conducts business in Franklin County, Ohio and regularly does or solicits business, engages in other persistent course of conduct, or derives substantial revenue from goods uses or consumed or services rendered in Ohio.

6. At all times relevant herein, APL Co. Pte Ltd. acted as agent for American President Lines, Ltd.

7. Upon information and belief, APL Co. Pte Ltd. and American President Lines, Ltd. are one and the same entity, and the alter ego of the other, and are each liable under law for the actions of the other, and herein are referred to jointly as "APL."

8. Upon information and belief, Hanseatic is a corporation or other business entity with a place of business located at Contrescarpe 45, Bremen 28195, Germany, which conducts business in Franklin County, Ohio directly and/or through an agent, and/or regularly does or solicits business, engages in other persistent course of conduct, or derives substantial revenue from goods uses or consumed or services rendered in Ohio directly and/or through an agent. Hanseatic was at all times the owner, operator, manager, and/or charterer of the M/V APL Peru.

9. Upon information and belief, HLL is a corporation or other business entity with a place of business located at Contrescarpe 45, Bremen 28195, Germany, which conducts business in Franklin County, Ohio directly and/or through an agent, and/or regularly does or solicits business,

engages in other persistent course of conduct, or derives substantial revenue from goods uses or consumed or services rendered in Ohio directly and/or through an agent. HLL was at all times the owner, operator, manager, and/or charterer of the M/V APL Peru.

10. Upon information and belief, Rayovac is a Delaware corporation which conducts business in Franklin County, Ohio and regularly does or solicits business, engages in other persistent course of conduct, or derives substantial revenue from goods uses or consumed or services rendered in Ohio.

11. Upon information and belief, the Doe Parties, the identity of which is presently unknown, participated in the transportation of the goods that are the subject of this Complaint.

**Count One**
**(Breach of Contract – against M/V APL Peru, MOL, APL, HLL, Hanseatic, and Doe Corporations)**

12. Plaintiffs incorporate the allegations contained in paragraphs 1 through 11 above as if fully restated herein.

13. At all relevant times hereto, Defendants were engaged in business as freight forwarders and/or common carriers of merchandise by air, sea and land and/or arranged for the carriage of goods in international and/or interstate commerce.

14. Defendants received, accepted and agreed to transport for certain consideration, merchandise (the "Merchandise") on behalf of Plaintiffs. This transport and Merchandise is described in detail in Schedule A, B, and C, attached hereto and incorporated by reference herein.

15. At the time of delivery to Defendants, the Merchandise was in good order and condition.

16. Moreover, at all times after delivery of the Merchandise to Defendants, the Merchandise was in the care, custody and/or control of Defendants.

17. Through their representatives, employees, agents and/or contractors, Defendants failed to deliver the Merchandise to its destination in like good order and condition as when shipped, delivered to and received by Defendants.

18. Defendants breached, failed and violated their duties and obligations as freight forwarders and common carriers, and were otherwise at fault.

19. As the shipper(s), consignee(s) or owner(s) of the merchandise, Plaintiffs bring this action on their own behalf and, as agent(s) and/or trustee(s) on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

20. Plaintiffs have duly performed all its duties and obligations on their part to be performed.

21. As a result of Defendants' breach of contract, Plaintiffs have been damaged in an amount to be established at trial, but not less than $578,549.83, plus pre-judgment and post-judgment interest thereon.

**Count Two**
**(Breach of Contract - against APL)**

22 Plaintiffs incorporate the allegations contained in paragraphs 1 through 21 above as if fully restated herein.

23. APL entered into an "Ocean Transportation Service Contract" with LLS. (There is no need to attach a copy of the contract hereto as it is voluminous, may contain sensitive, proprietary information, and APL and Plaintiffs have a copy of the contract.)

24. Pursuant to the Ocean Transportation Service Contract, Plaintiffs tendered the Merchandise to APL for its safe delivery of the Merchandise as provided in the agreement.

25. APL breached the terms of the Ocean Transportation Service Contract by failing to delivery the Merchandise as promised in the agreement, for which Plaintiffs seek damages in an amount to be established at trial but no less than $578,549.83, plus pre-judgment and post-judgment interest thereon.

**Count Three**
**(Breach of Contract –against MOL)**

26 Plaintiffs incorporate the allegations contained in paragraphs 1 through 25 above as if fully restated herein.

27. MOL entered into a "Service Contract" with LLS. (There is no need to attach a copy of the contract hereto as it is voluminous, may contain sensitive, proprietary information, and MOL and Plaintiffs have a copy of the contract.)

28. Pursuant to the Service Contract, Plaintiffs tendered the Merchandise to MOL for its safe delivery of the Merchandise as provided in the agreement.

29. MOL breached the terms of the Service Contract by failing to delivery the Merchandise as promised in the agreement, for which Plaintiffs seek damages in an amount to be established at trial but no less than $578,549.83, plus pre-judgment and post-judgment interest thereon.

**Count Four**
**(Violation of the Carriage of Goods by Sea Act)**

30. Plaintiffs incorporate the allegations contained in paragraphs 1 through 29 above as if fully restated herein.

31. By failing to deliver the cargo to its destination in the order and condition as received, Defendants breached, failed and violated its duties and obligations as freight forwarders and common carriers for which Defendants are liable under the Carriage of Goods by Sea Act (46 U.S.C. §§1300

et. seq.), and for which Plaintiffs seek damages in an amount to be established at trial but no less than $578,549.83, plus pre-judgment and post-judgment interest thereon.

**Count Five**
**(Negligence – against all Defendants)**

32. Plaintiffs incorporate the allegations contained in paragraphs 1 through 31 above as if fully restated herein.

33. Plaintiffs hired APL and MOL to transport the Merchandise as outlined in Schedule A-C.

34. On or about October 6, 2008, one or more of the transported containers caught fire on the ship M/V APL Peru.

35. Upon information and belief, the fire originated in a container loaded with a cargo of batteries manufactured by Rayovac.

36. As a result of the fire and subsequent actions taken by the ship master to extinguish the fire, Plaintiffs' merchandise was damaged.

37. At all times relevant hereto, Defendants owed Plaintiffs a duty to exercise reasonable care, and to refrain from negligent and careless acts and/or omissions. In addition, Defendants had a duty to use ordinary care in the performance of their duties as common carriers/freight forwarders to avoid the risk of damaging adjacent/nearby cargo.

38. In addition, Defendant Rayovac had a duty to ensure that its cargo would not create a dangerous condition so as not to create a fire when shipped.

39. In addition, Rayovac had a duty to select its carriers, forwarders, and loaders with due care.

40. Defendants had a duty to use take steps to eliminate dangerous conditions they created and/or that were either known or discoverable, including but not limited to an inspection of the property being shipped.

41. Defendants had a duty to take steps to guard against a fire, and to eliminate dangerous conditions they created and/or that were either known or discoverable, including but not limited to, an inspection of the ship, the cargo, and their work.

42. Defendants had a duty to hire, supervise, monitor, and retain their respective employees, agents, shippers, forwarders, loaders, carriers, consignees, and/or subcontractors with reasonable care and reasonable skill.

43. Defendants had a duty to exercise all of their duties described herein with the care and skill of those in a similar situation and under similar circumstances and consistent with industry standards.

44. Defendants, acting through themselves and acting through their respective employees, agents, shippers, forwarders, loaders, carriers, consignees, and/or subcontractors, breached their duties of care by, inter alia, negligently, recklessly, and/or carelessly causing and allowing the fire to occur and/or negligently, recklessly, and/or carelessly hiring, supervising, monitoring, and retaining their respective employees, agents, shippers, forwarders, loaders, carriers, consignees, and/or subcontractors and/or negligently, recklessly, and/or carelessly allowing the fire to spread.

45. The aforementioned breaches were the factual causes of Plaintiffs' damages and losses. In addition, the aforementioned breaches proximately and directly caused and/or substantially contributed to the resulting damage to Plaintiffs.

46. The injury and resulting damages to Plaintiffs were a foreseeable risk of Defendants' conduct, as described herein. Further, Defendants could have anticipated that such injury and property damage would occur.

47. As a result of the aforementioned negligent, reckless, and careless acts of the Defendants, Plaintiffs sustained significant damages in an amount to be established at trial but no less than $578,549.83, plus pre-judgment and post-judgment interest thereon.

**Count Six**
**(Products Liability, Breach of Warranties – against Rayovac & Doe Corporations**

48. Plaintiffs incorporate the allegations contained in paragraphs 1 through 47 above as if fully restated herein.

49. Upon information and belief, the fire on board the M/V APL Peru originated in container APL 908745-4, which was loaded with a cargo of batteries.

50. Upon information and belief, Defendant Rayovac is the manufacturer of the batteries.

51. The fire and resulting damages was caused by the acts and/or omissions of Rayovac, its employees, agents, shippers, forwarders, loaders, carriers, consignees, and/or subcontractors, including but not limited to the failure to warn of the dangers presented by the cargo of batteries, failure to prepare the batteries for shipment, breach of duties as carriers/freight forwarders, breach of the bill of lading contract, strict liability, products liability, and/or breach of express and implied warranties.

52. In addition, the batteries were negligently manufactured, sold, prepared, packaged, loaded, and/or shipped.

53. The aforementioned breaches were the factual causes of Plaintiffs' damages and losses. In addition, the aforementioned breaches proximately and directly caused and/or substantially

contributed to the resulting damage to Plaintiffs.

54. As a result of the aforementioned negligent, reckless, and careless acts of the Defendant Rayovac, its employees, agents, shippers, forwarders, loaders, carriers, consignees, and/or subcontractors, and Doe Corporations, Plaintiffs sustained significant damages in an amount to be established at trial but no less than $578,549.83, plus pre-judgment and post-judgment interest thereon.

**Count Seven**
**(Indemnity – against all Defendants)**

55. Plaintiffs incorporate the allegations contained in paragraphs 1 through 54 above as if fully restated herein.

56. Plaintiffs bring this claim for indemnification against Defendants.

57. If, under any law or statute, Plaintiffs are obligated to contribute to the sacrifices, disbursements and expenses incurred for the common good, under the law of general average or otherwise, which Plaintiffs deny, then Plaintiffs shall have indemnity and contribution from any and all Defendants named herein, for all judgments and costs incurred, including attorneys fees.

58. Because of the Defendants' acts and omissions as described herein, Plaintiffs incurred damages, as further detailed herein.

59. All damages occurred because of Defendants' acts and omissions and there is no liability by Plaintiffs for such damages and Plaintiffs cannot be liable for the damages to its property resulting from the actions of Defendants.

60. Because Plaintiffs deny liability for the damages suffered to their property, such liability lies entirely with Defendants on the basis of their fault as stated herein, and thus Plaintiffs demand indemnity for all such amounts which they have or may have to pay.

WHEREFORE, Plaintiffs demand judgment against Defendants M/V APL Peru, Mitsui O.S.K. Lines (America), Inc., APL Co. Pte Ltd. and American President Lines, Ltd., Hanseatic Lloyd Schiffahrt GmbH & CO KG, HLL Atlantic Schiffahrt GmbH & CO KG, Spectrum Brands, Inc., d/b/a Rayovac, and certain other corporations/entities the identity of which presently are unknown (the "Doe Parties"), jointly and severally, as follows:

A. For damages in an amount to be established at trial;

B. For pre-judgment and post-judgment interest;

C. For punitive damages;

D. For their costs and attorney fees incurred in bringing this action; and

E. For such other and further relief as this Court may deem just and proper.

Juan Jose Perez (0030400)
jperez@perez-morris.com
Joshua D. Rockwell (0081107)
jrockwell@perez-morris.com
**PEREZ & MORRIS LLC**
8000 Ravine's Edge Court
Columbus, Ohio 43235
614-431-1500
614-431-3885 (fax)
Attorney for Plaintiffs
Limited Service Corp., and
Limited Logistics Services, Inc.

## SCHEDULE A

| | |
|---|---|
| Vessel: | M/V APL Peru |
| Bills of Lading: | MOLU 463092846 |
| Container No.: | CAXU 7278445 |
| Date of Departure: | September 21, 2008 |
| Port of Loading: | Jakarta, Indonesia |
| Port of Discharge: | Seattle, Washington |
| Carrier: | Mitsui O.S.K. Lines, Ltd. |
| Shippers: | APL |
| Description: | Clothing Apparel |
| Claim Amount: | $182,806.25 |
| File No: | 1311093-1 |

**SCHEDULE B**

| | |
|---|---|
| Vessel: | M/V APL Peru |
| Bills of Lading: | MOLU 463092915 |
| Container No.: | CAIU 8148866 |
| Date of Departure: | September 21, 2008 |
| Port of Loading: | Jakarta, Indonesia |
| Port of Discharge: | Seattle, Washington |
| Carrier: | Mitsui O.S.K. Lines, Ltd. |
| Shippers: | APL |
| Description: | Clothing Apparel |
| Claim Amount: | $259,830.93 |
| File No: | 1311093-2 |

**SCHEDULE C**

| | |
|---|---|
| Vessel: | M/V APL Peru |
| Bills of Lading: | MOLU 463177107 |
| Container No.: | MOFU 5891670 |
| Date of Departure: | September 21, 2008 |
| Port of Loading: | Jakarta, Indonesia |
| Port of Discharge: | Seattle, Washington |
| Carrier: | Mitsui O.S.K. Lines, Ltd. |
| Shippers: | APL |
| Description: | Clothing Apparel |
| Claim Amount: | $135,912.65 |
| File No: | 1311093-3 |