UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

FILED
JAMES BONINI
CLERK

09 NOV 13 AM 11: 11

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| LIMITED SERVICE CORP.<br>Three Limited Parkway<br>Columbus, Ohio 43230,<br><br>And<br><br>LIMITED LOGISTICS SERVICES, INC.,<br>Three Limited Parkway<br>Columbus, Ohio 43230,<br><br>Plaintiffs,<br><br>vs.<br><br>M/V APL PERU, her engines, boilers,<br>tackle, etc.,<br><br>MITSUI O.S.K. LINES (AMERICA), INC.,<br>aka MOL (America), Inc.<br>c/o CT Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114,<br><br>APL CO. PTE LTD.,<br>1111 Broadway<br>Oakland, CA 94607,<br><br>AMERICAN PRESIDENT LINES, LTD.,<br>c/o The Prentice-Hall Corporation System, Inc.,<br>Statutory Agent<br>50 West Broad Street, Suite 1800<br>Columbus, Ohio 43215,<br><br>HANSEATIC LLOYD SCHIFFAHRT GmbH & CO KG,<br>Contrescarpe 45<br>Bremen 28915, Germany,<br><br>HLL ATLANTIC SCHIFFAHRT GmbH & CO KG,<br>Contrescarpe 45<br>Bremen 28915, Germany, | Case No:<br><br>**2:09 cv 1025**<br><br>JUDGE GRAHAM<br><br>MAGISTRATE JUDGE KEMP<br><br><br><u>ANSWER TO COMPLAINT</u><br><br>(WITH CROSS CLAIMS) |

(Spectrum_Answer_to_Complaint-FINAL[1].docx)

|  |  |
|---|---|
| SPECTRUM BRANDS, INC., d/b/a<br>RAYOVAC<br>601 Rayovac Drive<br>Madison, WI  53744-4960, | :<br>:<br>:<br>: |
| And | : |
| DOE CORPORATIONS, | : |
| Defendants. | : |

Defendant Spectrum Brands, Inc. ("Spectrum") by and through its attorneys The Law Offices of John Alden and Hill Rivkins & Hayden LLP, as and for its Answer to the Complaint states upon information and belief as follows:

1. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 1 of the Complaint.

2. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 2 of the Complaint.

3. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 3 of the Complaint.

4. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 4 of the Complaint.

5. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 5 of the Complaint.

6. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 6 of the Complaint.

7. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 7 of the Complaint.

8. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 8 of the Complaint.

9. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 9 of the Complaint.

10. Defendant Spectrum admits that it is a corporation organized and existing pursuant to the Delaware law with an office and place of business at 601 Rayovac Drive, Madison, WI 53711 and is a global consumer products company and a leading supplier of batteries, under the Rayovac brand. Except as specifically admitted, Defendant Spectrum denies the allegations set forth in paragraph 10 of the Complaint.

11. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 11 of the Complaint.

## Count I
### (Breach of Contract – against M/V APL PERU, MOL, APL, HLL, Hanseatic, and Doe Corporations)

12. Defendant Spectrum repeats and realleges each and every admission, denial and denial based upon information and belief set forth in paragraphs 1 through 11 as if set forth herein at length.

13. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 13 of the Complaint.

14. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 14 of the Complaint.

15. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 15 of the Complaint.

16. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 16 of the Complaint.

17. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 17 of the Complaint.

18. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 18 of the Complaint.

19. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 19 of the Complaint.

20. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 20 of the Complaint.

21. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 21 of the Complaint.

## Count Two
### (Breach of Contract – against APL)

22. Defendant Spectrum repeats and realleges each and every admission, denial and denial based upon information and belief set forth in paragraphs 1 through 21 as if set forth herein at length.

23. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 23 of the Complaint.

24. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 24 of the Complaint.

25. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 25 of the Complaint.

## Count Three
## (Breach of Contract – against MOL)

26. Defendant Spectrum repeats and realleges each and every admission, denial and denial based upon information and belief set forth in paragraphs 1 through 25 as if set forth herein at length.

27. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 27 of the Complaint.

28. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 28 of the Complaint.

29. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 29 of the Complaint.

## Count Four
## (Violation of the Carriage of Goods by Sea Act)

30. Defendant Spectrum repeats and realleges each and every admission, denial and denial based upon information and belief set forth in paragraphs 1 through 29 as if set forth herein at length.

31. Defendant Spectrum denies the allegations set forth in paragraph 31 of the Complaint.

## Count Five
## (Negligence – against all Defendants)

32. Defendant Spectrum repeats and realleges each and every admission, denial and denial based upon information and belief set forth in paragraphs 1 through 31 as if set forth herein at length.

33. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 33 of the Complaint.

34. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 34 of the Complaint.

35. Defendant Spectrum denies the allegations set forth in paragraph 35 of the Complaint.

36. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 36 of the Complaint.

37. Defendant Spectrum denies the allegations set forth in paragraph 37 of the Complaint.

38. Defendant Spectrum denies the allegations set forth in paragraph 38 of the Complaint.

39. Defendant Spectrum denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant Spectrum denies the allegations set forth in paragraph 40 of the Complaint.

41. Defendant Spectrum denies the allegations set forth in paragraph 41 of the Complaint.

42. Defendant Spectrum denies the allegations set forth in paragraph 42 of the Complaint.

43. Defendant Spectrum denies the allegations set forth in paragraph 43 of the Complaint.

44. Defendant Spectrum denies the allegations set forth in paragraph 44 of the Complaint.

45. Defendant Spectrum denies the allegations set forth in paragraph 45 of the Complaint.

46. Defendant Spectrum denies the allegations set forth in paragraph 46 of the Complaint.

47. Defendant Spectrum denies the allegations set forth in paragraph 47 of the Complaint.

### Count Six
### (Products Liability, Breach of Warranties- Against Rayovac & Doe Corporations)

48. Defendant Spectrum repeats and realleges each and every admission, denial and denial based upon information and belief set forth in paragraphs 1 through 47 as if set forth herein at length.

49. Defendant Spectrum denies the allegations set forth in paragraph 49 of the Complaint.

50. Defendant Spectrum denies the allegations set forth in paragraph 50 of the Complaint.

51. Defendant Spectrum denies the allegations set forth in paragraph 51 of the Complaint.

52. Defendant Spectrum denies the allegations set forth in paragraph 52 of the Complaint.

53. Defendant Spectrum denies the allegations set forth in paragraph 53 of the Complaint.

54. Defendant Spectrum denies the allegations set forth in paragraph 54 of the Complaint.

## Count Seven
## (Indemnity-against all Defendants)

55. Defendant Spectrum repeats and realleges each and every admission, denial and denial based upon information and belief set forth in paragraphs 1 through 54 as if set forth herein at length.

56. Defendant Spectrum denies knowledge and information sufficient to form a belief as to the truth of the matters set forth in Paragraph 56 of the Complaint.

57. Defendant Spectrum denies the allegations set forth in paragraph 57 of the Complaint.

58. Defendant Spectrum denies the allegations set forth in paragraph 58 of the Complaint.

59. Defendant Spectrum denies the allegations set forth in paragraph 59 of the Complaint.

60. Defendant Spectrum denies the allegations set forth in paragraph 60 of the Complaint.

61.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

62. The Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

63. This Honorable Court is an inconvenient forum and the Complaint should be dismissed on *forum non conveniens* grounds.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

64. Plaintiffs' claims are speculative and thus not recoverable.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

64. Defendant Spectrum was not the shipper of the goods and, therefore, has no liability to Plaintiffs under any convention or law, both foreign and domestic.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

65. Defendant Spectrum was not the manufacturer of the batteries and, therefore, has no liability to Plaintiffs under any convention or law, both foreign and domestic.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

66. Defendant Spectrum was not the owner of the goods at the time of the incident aboard the M/V APL PERU and, therefore, has no liability to Plaintiffs under any convention or law, both foreign and domestic.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

67. Defendant Spectrum did not design the batteries and therefore, has no liability to Plaintiffs under any applicable convention or law, both foreign and domestic.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

68. Plaintiffs' claims are barred by the doctrine of waiver, estoppel and/or laches.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

69. Plaintiffs have failed to mitigate their damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

70. If Plaintiffs sustained any damages, which is denied, said damages were caused solely by the recklessness, fault, neglect, error, breach of contract or warranty and/or acts or omissions of third parties for which Defendant Spectrum is not responsible and over which Defendant Spectrum had no control and were not caused or contributed to in any manner by the fault, negligence, want of care, lack of due diligence, or breach of any warranty on the part of Defendant Spectrum.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

71. Plaintiffs knowingly and intentionally assumed any and all risks inherent in the shipment of the goods and, therefore, Defendant Spectrum is not liable to Plaintiffs.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

72. If Plaintiffs sustained any damage, which is denied, said damages were caused in whole or in part by Plaintiffs' own acts of negligence and were not caused or contributed to in any manner by the fault, negligence, want of care, lack of due diligence, or breach of any warranty on the part of Defendant Spectrum.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

73. Plaintiffs are guilty of culpable conduct in the events giving rise to the claims now asserted in the Complaint and their recovery, if any, must be diminished in proportion thereto.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

74. Defendant Spectrum claims the benefit of any and all limitations, defenses, rights and liberties contained in any applicable international convention or law, both foreign and domestic.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

75. Plaintiffs are not the real party in interest and have no claim against Defendant Spectrum and, therefore, Defendant Spectrum has no liability to Plaintiffs at law or equity.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

76. To the extent Plaintiffs seek recovery of special, incidental or consequential damages, Plaintiffs are not entitled to recover special, incidental or consequential damages under applicable law.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

77. Defendant Spectrum owes no duty to Plaintiffs and the owners of the cargo carried aboard the M/V APL PERU and therefore, Plaintiffs' claims must be dismissed.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

78. To the extent Defendant Spectrum owed Plaintiffs and the owners of the cargo carried aboard the M/V APL PERU any duty, which is denied, Plaintiffs alleged damages were not caused by any recklessness, fault, neglect, error, breach of contract or warranty and/or act or omission on the part of Defendant Spectrum.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

79. To the extent Plaintiff sustained any damage, which is denied, these damages were caused in whole or in part by other intervening or superseding causes over which Defendant Spectrum has no control.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

80. If Defendant Spectrum is found negligent, which is denied, any such negligence was superseded by the negligence and or other wrongful acts of Plaintiffs and/or third parties over whom Defendant Spectrum had no control and for which Defendant Spectrum is not responsible.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

81. Plaintiffs' claims are barred by the applicable statute of limitations.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

82. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Defendant Spectrum gives notice of, and reserves its right to, rely on foreign law to the extent it may be applicable.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

83. Any damages sustained by Plaintiffs, which are denied, were caused by the unseaworthiness of the M/V APL PERU and/or the recklessness, neglect, fault, error, breach of contract or warranty of her owners, operators, managers and/or charterers.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

84. For the convenience of parties and witnesses and in the interest of justice, this Action should be transferred to the United States District Court for the Southern District of New York where numerous other actions involving the same voyage have been filed and consolidated.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

85. Plaintiffs lack standing and therefore, Plaintiffs' claims must be dismissed.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

86. Batteries are not goods of an inflammable, explosive or dangerous in nature and, therefore, Plaintiffs' claims must be dismissed.

### AS AND FOR A FIRST CROSSCLAIM
### AGAINST DEFENDANTS APL CO. PTE. LTD. AND AMERICAN PRESIDENT LINES LTD. (COLLECTIVELY "APL")

87. Defendant Spectrum repeats and realleges each and every admission, denial, denial of knowledge and information and affirmative defense set forth in Paragraphs 1-86 as if set forth herein at length.

88. In or about September 2008, there was delivered to APL in good order and condition a shipment of 44,484 cartons of batteries suitable in every respect for the intended transport which APL received, accepted and agreed to transport for certain consideration from Yantian, China to Dixon, Illinois.

89. APL failed to re-deliver the shipment of batteries in the same good order and condition as when received by it.

90. By reason of the premises, APL was negligent and careless in their handling of the cargo, violated its duties and obligations as a common carrier and bailee of the cargo and was otherwise at fault.

91. Spectrum bore the risk of loss of the cargo during the ocean transit and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Spectrum is entitled to maintain this action.

92. Spectrum has duly performed all duties and obligations on its part to be performed.

93. By reason of the premises, Spectrum has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $719,216.02.

### AS AND FOR A SECOND CROSSCLAIM
### AGAINST DEFENDANTS HANSEATIC LLOYD SCHIFFAHRT GmbH & Co KG and
### HLL ATLANTIC SCHIFFAHRT GmbH & Co KG

94. Defendant Spectrum repeats and realleges each and every admission, denial, denial of knowledge and information and affirmative defense set forth in Paragraphs 1-93 as if set forth herein at length.

95. In or about September 2008, there was delivered to Defendants Hanseatic and HLL in good order and condition a shipment of 44,484 cartons of batteries suitable in every respect for the intended transport which Defendants Hanseatic and HLL received, accepted and agreed to transport for certain consideration from Yantian to Seattle.

96. Defendants Hanseatic and HLL did not re-deliver the shipment of batteries in the same good order and condition as received by them.

97. By reason of the premises, the Defendants Hanseatic and HLL were negligent and careless in their handling of the cargo, violated their duties and obligations as common carriers and bailees of the cargo and were otherwise at fault.

98. Defendant Spectrum bore the risk of loss of the cargo during the ocean transit and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Spectrum is entitled to maintain this action.

99. Defendant Spectrum has duly performed all duties and obligations on its part to be performed.

100. By reason of the premises, Defendant Spectrum has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $719,216.02.

## AS AND FOR A THIRD CROSSCLAIM
## AGAINST ALL CO-DEFENDANTS

101. Defendant Spectrum repeats and realleges each and every admission, denial, denial of knowledge and information and affirmative defense set forth in Paragraphs 1-100 as if set forth herein at length.

102. Plaintiffs and certain other third parties have claimed that they have sustained losses as a result of the fire that took place aboard the M/V APL PERU and have asserted that Defendant Spectrum is liable for any and all losses they have sustained, all of which Defendant Spectrum has expressly denied.

103. To the extent that Plaintiffs and certain other third parties have sustained loss, all of which are expressly denied, said losses were directly and proximately caused by the acts and/or omissions of Co-defendants.

104. By reason of the premises, to the extent Plaintiffs and certain other third parties have sustained losses, all of which are expressly denied, and are entitled to recover damages from Spectrum, which is expressly denied, or Spectrum becomes liable to pay for any reason whatsoever, Spectrum is entitled to express and implied indemnity and/or part or full contribution from Co-defendants for such sums, together with the expenses, including but not limited to attorneys' fees and costs, and interest, incurred by Spectrum in defending said third party claims and/or pursuing recovery from Co-defendants.

WHEREFORE, Defendant Spectrum Brands, Inc. prays:

1. For dismissal of the Complaint together with costs, disbursements and attorneys' fees incurred in the defense of this action.

2. That a decree may be entered in favor of Defendant Spectrum Brands, Inc. and against Defendant APL CO. PTE. LTD. AND AMERICAN PRESIDENT LINES LTD. on the First Crossclaim in the amount of Spectrum's damages together with interests and costs.

3. That a decree may be entered in favor of Defendant Spectrum Brands, Inc. and against Defendants HANSEATIC LLOYD SCHIFFAHRT GmbH & Co KG and HLL ATLANTIC SCHIFFAHRT GmbH & Co KG on the Second Crossclaim in the amount of Spectrum's damages together with interests and costs.

4. That a decree may be entered in favor of Defendant Spectrum Brands, Inc. and against Defendants MITSUI O.S.K. LINES (AMERICA), INC., APL CO. PTE. LTD., AMERICAN PRESIDENT LINES LTD., HANSEATIC LLOYD SCHIFFAHRT GmbH & Co KG and HLL ATLANTIC SCHIFFAHRT GmbH & Co KG on the Third Crossclaim in the amount of Spectrum's damages together with interests and costs.

5. For such other and further relief which this Court may deem just and proper.

Respectfully submitted,

John E. Breen (0015142)
LAW OFFICES OF JOHN L. ALDEN
One East Livingston Avenue
Columbus, OH 43215
Phone: (614) 221-1306
Fax Phone: (614) 221-3551
Email: jbbreenlaw@aol.com

*Trial Counsel for defendant*
*Spectrum Brands, Inc.*

Co Counsel

John L. Alden
One E. Livingston Avenue
Columbus, Ohio 43215
(614) 221-1306
(614) 221-3551
JALDEN@ALDENLAW.NET

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing was served via regular U.S. Mail this 12th day of

November, 2009, upon:

Juan Jose Perez, Esq
Joshua D. Rockwell, Esq.
PEREZ & MORRIS
8000 Ravine's Edge Court
Columbus, Ohio 43235

MITSUI O.S.K. LINES (AMERICA), INC.,
aka MOL (America), Inc.
c/o CT Corporation System
1300 East Ninth Street
Cleveland, Ohio 44114,

APL CO. PTE LTD.,
1111 Broadway
Oakland, CA 94607,

AMERICAN PRESIDENT LINES, LTD.,
c/o The Prentice-Hall Corporation System, Inc.,
Statutory Agent
50 West Broad Street, Suite 1800
Columbus, Ohio 43215,

HANSEATIC LLOYD SCHIFFAHRT GmbH & CO KG,
Contrescarpe 45
Bremen 28915, Germany,

HLL ATLANTIC SCHIFFAHRT GmbH & CO KG,
Contrescarpe 45
Bremen 28915, Germany,