IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Limited Service Corp., et al.,    :

    Plaintiffs,                :

  v.                                :    Case No. 2:09-cv-1025

                                         :    JUDGE GRAHAM

M/V APL Peru, et al.,
                                         :

    Defendants.


<u>OPINION AND ORDER</u>

On October 9, 2009, plaintiffs Limited Service Corp. and Limited Logistics Services ("Limited") filed a complaint in the Court of Common Pleas of Franklin County, Ohio.  The complaint, which named seven defendants including the oceangoing vessel M/V APL Peru, alleged that pursuant to contract, Limited delivered goods to the defendants for transport, but defendants did not deliver the goods as promised.  In particular, the complaint avers that a fire occurred in a container of batteries being transported on the same vessel as Limited's goods, and that the fire and the fire suppression efforts damaged those goods.

Defendants removed the case to this Court based on federal question and admiralty and maritime jurisdiction.  After various answers and cross-claims were filed, defendant Spectrum Brands, Inc. filed a motion to transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1404(a).  Responsive and reply memoranda have been filed.  For the following reasons, the motion to transfer will be granted.

I.

The following statement of facts is taken from the

evidentiary materials submitted in connection with the motion to transfer. The facts relevant to the venue issue are not in significant dispute, and the Court concludes that no hearing on this motion is required. Cf. Uniprop Manufactured Housing Communities Income Fund II v. Home Owners Funding Corp. of America, 753 F.Supp. 1315, 1326 (W.D.N.C. 1990).

There is apparently no dispute that Limited contracted with some of the defendants to transport three containers of clothing from Indonesia, where it was manufactured, to the United States. Along with the three containers of clothing, the ship was transporting sixteen containers of batteries that had been manufactured for Spectrum, as well as goods belonging to many other parties. The fire in question occurred while the ship was on the ocean many miles from any land and while it was en route to Seattle, Washington. Thus, none of the events surrounding the loading and transportation of the goods, or the damage which occurred, happened in the United States.

The motion for a change of venue relies primarily on two sets of facts. First, this is not the first case (or the only case) filed concerning this fire. In 2008, Chris Sports North America, Inc. filed a complaint against three of the defendants named in this case - the M/V "APL Peru," HLL Atlantic Schiffahrts Gmbh and Hanseatic Lloyd Schiffahrts Gmbh & Co., K.G. (as well as another defendant not named here) - seeking damages for other goods which were also involved in the fire. Chris Sports North America, Inc. v. M/V "APL Peru" et al., Case No. 1:08-cv-9352 (S.D.N.Y.). Since the case was filed, the complaint has been amended twice to join as plaintiffs sixteen additional parties who also had cargo on the ship. A number of new defendants were also joined, and additional pleadings, including third-party, fourth-party, and fifth-party complaints, have also been filed. The docket sheet for Case No. 1:08-cv-9352 indicates that there are five other related cases, all filed in 2009, which involve

2

this same ship and the same fire.  These six related cases have been assigned to a single District Judge, Judge Alvin K. Hellerstein, for disposition.  This information is available from the public dockets maintained by the Southern District of New York.  See www.nysd.uscourts.gov.

Secondly, Spectrum notes that two of the defendants joined in this case, HLL Atlantic Schiffahrt GmbH & Co KG and Hanseatic Lloyd Schiffahrt GmbH & Co KG, have raised in their answer the defense of lack of *in personam* jurisdiction.  See Doc. #16.  Those parties have apparently expressed an intention to file a motion to dismiss on that basis.  However, they have submitted to the jurisdiction of the District Court in New York, so that a transfer would eliminate the possibility of piecemeal litigation in this district if those parties were dismissed on jurisdictional grounds.

Limited has submitted an affidavit with its responsive brief that contains some additional facts.  The affidavit, signed by Jenesse F. Lederer, who is described as "a Senior Claims Adjuster for Xchanging, in the dedicated Limited Brands Claim Office," states that Limited contracted with MOL (America) Inc. for the transportation of the goods in question; that the containers of clothing were destined for either Melrose Park, Illinois or Columbus, Ohio; that Limited's contracts with both MOL and American President Lines, the vessel operator, contain forum selection clauses stating that exclusive jurisdiction and venue is found in the state and federal courts located in Franklin County, Ohio and provide that Ohio law will govern the parties' disputes; and that the documents relating to this shipment, and the people who inspected the cargo and evaluated the loss to Limited are all located in Columbus.  Limited does not dispute that there is related litigation pending in New York, but it does assert that Spectrum has not demonstrated that all of defendants

named here are amenable to suit in that jurisdiction.  The motion for change of venue will be decided based on these facts.

II.

All of Spectrum's arguments for transfer rely on this Court's power under 28 U.S.C. §1404(a) to transfer a case to a district "where it might have been brought" if the transfer would serve "the convenience of parties and witnesses [or] the interest of justice...."  Spectrum has identified the Southern District of New York as a district where this action might have been brought.  Limited disputes that contention.  Because this is a threshold issue that must be resolved before the Court may consider whether the convenience of the parties, the witnesses, or the interest of justice would be served by the requested transfer, see <u>Sky Technologies Partners, LLC v. Midwest Research Institute</u>, 125 F.Supp. 2d 286, 291 (S.D. Ohio 2000) (Holschuh, J.), the Court will address this matter first.

A.

Limited asserts that Spectrum has the burden of showing that this case could have been filed in the Southern District of New York.  According to Limited, the only evidence submitted on that point is that all of the defendants named in this case have also been named as parties in one or more of the cases filed in New York.  Limited argues that this fact is not enough to satisfy Spectrum's burden to show that either personal jurisdiction or venue is proper in New York.  Finally, it notes that it was contractually bound to file suit against at least some of the present defendants in Franklin County, so that it could not have filed the case (at least in its present posture) in the Southern District of New York.  The Court does not find these arguments persuasive.

First, the fact that all of the defendants named in this case are also defendants in related cases filed in New York and are defending those cases without having filed motions to dismiss

for lack of personal jurisdiction or improper venue is at least *prima facie* evidence of their amenability to suit there.  The fact that the District Court is exercising jurisdiction over those defendants, and in the first-filed case, has been doing so since October 31, 2008, is additional evidence that venue and jurisdiction are proper there.  Under these circumstances, to the extent that Spectrum had the initial burden of coming forward with evidence to support its claim that the Southern District of New York is a district in which this suit might have been brought - leaving aside, for the moment, the impact of any forum selection clauses that constrained Limited in its choice of forum - it has met that burden.

Limited also argues that Spectrum's motion does not address any of the venue factors listed in 28 U.S.C. §1391(b) as they relate to the Southern District of New York.  However, the complaint filed in New York identifies the claims as admiralty or maritime claims within the meaning of Fed.R.Civ.P. 9(h). Fed.R.Civ.P. 82 provides that "[a]n admiralty or maritime claim under Rule 9(h) is not a civil action for purposes of 28 U.S.C. §1391-1392."  Venue over such claims is proper "'in any district where the respondent is found and service of process is made on him, or any district where respondent's property or credits are attached." Peitsch v. Regency Cruises, Inc., 664 F.Supp. 362, 363 (N.D. Ill. 1987), quoting 1 Moore's Federal Practice, §0.144[13.-1] at 1526 (2d Ed. 1986).  The filing of responsive pleadings by all of the current defendants in the New York litigation is an indication that they have been found in that District and that service of process have been made on them there, which satisfies the venue requirement for admiralty and maritime claims.  Because Limited has not put forth any evidence or argument which would support a contrary finding, the Court concludes that there are no issues concerning either venue or

personal jurisdiction which would preclude the transfer of this case to the Southern District of New York.

Next, Limited argues that the fact that it bound itself to file suit against some of the defendants only in Franklin County, Ohio, means that this case could not have been brought initially in the Southern District of New York. The short answer to this argument is that parties may not, by contract, eliminate the Congressional grant of power to the district courts to transfer cases under 1404(a). Rather, as the Supreme Court held in Stewart Organization, Inc. v. Ricoh Corp., 487 U.S 22, 29 (1988), although "[t]he presence of [contractual arrangements such as] a forum selection clause ... will be a significant factor that figures centrally in the district court's calculus" concerning a change of venue motion, §1404(a) still "controls" the disposition of that question. See also Falconwood Financial Corp. v. Griffin, 838 F.Supp. 836, 839-40 (S.D.N.Y. 1993), explaining that "*Stewart* makes clear that such a clause is *not* dispositive of a motion to transfer under §1404(a)..." (emphasis in original). The phrase "where it might have been brought" contained in §1404(a) has long been construed to refer to the ability of the proposed transferee court to exercise jurisdiction over the parties and the suitability of venue in that court under principles of federal law rather than under either state law or private contractual arrangements. As the Supreme Court stated in Van Dusen v. Barrack, 376 U.S. 612, 624 (1964),

> the limiting phrase of §1404(a) should be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just. The power to defeat a transfer to the convenient federal forum should derive from rights and privileges conferred by federal law and not from the deliberate conduct of a party favoring trial in an inconvenient forum.

6

Consequently, any contractual provision by which Limited restricted its own choice of forum cannot defeat the power of this Court to transfer this case if the factors to be considered under §1404(a) otherwise counsel in favor of transfer.  Thus, the Court will proceed to the next step of the analysis, which is whether the proposed transfer would serve the convenience of the parties or witnesses or the interest of justice.

B.

Spectrum's primary argument in favor of transfer is that this Court should apply the "first-to-file" rule which, as Spectrum interprets it, virtually requires the transfer of a case from one federal judicial district to another where a similar or identical case has been filed first in the proposed transferee district.  There is no dispute that the lead case in the Southern District of New York was filed before Limited initiated this case in the Franklin County Court of Common Pleas.  Therefore, the questions posed by this argument are whether the New York case is similar enough to this case, even though it involves different parties, to trigger the operation of the "first-to-file" rule, and whether the rule, properly applied, favors or mandates the requested transfer.

The cases that Spectrum cites in support of its argument are not, for the most part, cases that involve a request to change venue.  Rather, they deal with the question of whether a court should either stay or dismiss an action when the same or a similar case has previously been filed in another federal court, or whether the court in which the first case was filed should enjoin the prosecution of the second suit.  Thus, in Carter v. Bank One, 179 Fed.Appx. 338, 340 (6th Cir. May 4, 2006), the Court of Appeals affirmed the dismissal of the later-filed suit, noting that "[u]nder the principle of comity, a district court properly may dismiss a case because of a previously filed case pending before another district court that presents the same

7

issues and involves the same parties." In <u>Smith v. SEC</u>, 129 F.3d 356, 361 (6th Cir. 1997), the Court of Appeals reversed the grant of an injunction issued by the district court in which the first action was filed, noting that although there is a "rule of thumb that the entire action should be decided by the court in which an action was first filed," the second case was sufficiently different from the first that an injunction was not warranted. <u>Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.</u>, 511 F.3d 535 (6th Cir. 2007), the third Sixth Circuit case cited by Spectrum, also deals with the issue of whether one district court should proceed with a case when a similar case was previously filed in a different federal district. Consequently, although these decisions do recognize the desirability of avoiding duplicative litigation, <u>see Smith, supra</u>, <u>citing Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976), they do not directly address the use of an order of transfer under §1404(a) to accomplish that goal.

Conceptually, the pendency of related litigation in another district to which a case might be transferred is better analyzed under that provision of §1404(a) that allows a case to be transferred in the interest of justice. Courts have generally considered the ability to avoid duplicative litigation through transfer to be a weighty factor in the §1404(a) calculus. <u>See, e.g., APA Excelsior III L.P. v. Premiere Technologies, Inc.</u>, 49 F.Supp. 2d 664, 668 (S.D.N.Y. 1999) ("[i]t is well established that the existence of a related action pending in the transferee court weighs heavily towards transfer"). This Court has, at times, treated the first-to-file rule as an independent basis for transferring a case to a different district. <u>See, e.g. City of Columbus v. Hotels.com, L.P.</u>, 2007 WL 2029036 (S.D. Ohio July 10, 2007) (Holschuh, J.). However, at other times the Court has simply factored it into the §1404(a) analysis. <u>See Shanehchian v. Macy's, Inc.</u>, 251 F.R.D. 287 (S.D. Ohio 2008) (Spiegel, J.);

8

Zimmer Enterprises v. Atlandia Imports, 478 F.Supp. 2d 983 (S.D. Ohio 2007) (Rose, J.). For the following reasons, the Court sees no need to make that distinction here. Under either approach, the transfer of this case to the Southern District of New York is warranted.

In order for a transfer to further the goal of judicial economy, it is not necessary that the case pending in the proposed transferee district be identical to the one under consideration for transfer. What is necessary, however, is a finding that substantial savings of judicial time and resources (which almost always results in savings to the parties as well) can result from the transfer and the conduct of coordinated proceedings. Thus, factors such as the transferee judge's "familiarity with the facts and circumstances" of the two cases, and the likelihood that without transfer, one judge will "invest ... *substantial* time and effort to adjudicate th[e] controversy when even a portion of that labor may be duplicative of the work ... already done" by another judge are given great weight, as is the need to promote the "fair and consistent resolution of both cases." See Federal Ins. Co. v. CVS Revco D.S., Inc., 2009 WL 1707898, *5 (N.D. Ohio June 16, 2009); see also Pullins v. Palmero, 2009 WL 1067315, *5 (S.D. Ohio April 21, 2009) (Rose, J.) ("the overall 'interest of justice' ultimately implores that all related claims ... be decided by a single court"). The Court finds that the application of these principles so strongly favors a transfer that other considerations become largely irrelevant.

The docket sheet in Case No. 1:08-cv-9352 shows that 111 documents have already been filed in that case. Substantial filings have also occurred in the related cases. For example, in Case No. 1:09-2549, which was also filed before the instant case, 32 documents have been filed, and in Case No. 1:09-4081, there have been 81 filings. In an order dated February 23, 2010, Judge

9

Hellerstein consolidated six actions under Fed.R.Civ.P. 42 for discovery purposes. That order also states that he would "consider accepting [cases pending in other districts] and consolidating discovery with the above-captioned cases." Case No. 1:08-cv-9352, Doc. #66. The parties to that case also submitted a case management plan. In contrast, no proceedings of substance have taken place here. These facts strongly suggest that, were this Court to keep this case, its actions, from case management to rulings on motions to trial, would very substantially duplicate the efforts of Judge Hellerstein, and that a great amount of duplicative effort would be required for this Court to draw even with Judge Hellerstein in his knowledge of the issues. See Goggins v. Alliance Capital Management, L.P., 279 F.Supp. 2d 228, 235 (S.D.N.Y. 2003) (transferring case to district where substantially related action was pending and "the judge overseeing that case has welcomed all related cases ...").

In arguing against transfer, Limited points out that its claims against the defendants are not completely duplicative of claims made by other plaintiffs. It notes that some its claims are contract-based, and that these contracts require the application of Ohio law, whereas the claims asserted by other damaged parties either arise under federal law or involve claims under different contracts. Thus, although it concedes that "the determination of the cause and origin of the fire is important," these other issues predominate and counsel against transfer. Limited Service Corp. And Limited Logistics Services, Inc.'s Memorandum in Opposition to Defendant Spectrum Brands, Inc.'s Motion to Transfer Venue, Doc. #34, at 4.

The Court disagrees. In this type of case, the cause and origin of the fire is likely to be the central issue. Once it is determined who, factually, bears responsibility for the fire, the various contractual arrangements between and among the parties will likely sort themselves out. The prospect of parallel

litigation proceeding on the issue of how the fire started and
who was responsible for it, coupled with the prospect of
inconsistent adjudications on that issue if the cases remain
separate, is inimical to the interest of justice and would
disserve the parties here.  Further, as this Court observed in
<u>Granger & Associates v. Marion Steel Co.</u>, 2001 WL 15362, *8 (S.D.
Ohio January 4, 2001) (King, M.J.), "it would be most
inconvenient for the witnesses in the two actions to expend the
time and travel necessary to testify in two different forums."
Thus, not only the interest of the Court, but the interest of the
majority of the parties and those person who will be witnesses on
the issue of cause and origin of the fire, will be served by a
transfer.

In the opposing memorandum, Limited makes much of the fact
that Spectrum's motion does not address several of the
traditional factors associated with a change of venue motion,
such as the number and location of witnesses or documents, the
weight to be given to the plaintiff's choice of forum, and the
significance of a forum selection clause.  Briefly, the Court
notes that the fact that most of Limited's damage witnesses are
located in Columbus is not a significant factor simply because
quantifying the amount of damage to Limited's cargo is not likely
to be the central issue in the case.  Further, when a party has
chosen a forum that has no real connection to any of the events
in the case - and that is true here, since the primary physical
connection with this judicial district is that one of the three
containers of clothing, had it not been damaged, would eventually
have arrived here - that party's choice of a forum is not
particularly compelling.  <u>See Ghaith v. Rauschenberger</u>, 2010 WL
431596, *3 (E.D. Mich. January 28, 2010), <u>adopted and affirmed</u>,
2010 WL 1644054 (E.D. Mich. April 22, 2010).  Further, the fact
that Limited did not choose this Court in which to file its case,
but is here due by way of removal, cuts against the weight given

11

to this factor. See Harris v. BNP Paribas, Case No. 2:09-cv-691 (S.D. Ohio May 6, 2010) (Graham, J.), citing Sky Technology Partners, LLC v. Midwest Research Institute, 125 F.Supp. 2d 286 (S.D. Ohio 2000) (Holschuch, J). Finally, the forum selection clause at issue is effective only as to Limited and two of the seven named defendants, and whatever weight it should be given does not overcome the need to transfer this case in order to serve the interest of justice in allowing a single court to resolve the many claims arising out of this particular incident.

The Court of Appeals has repeatedly emphasized that the "district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." Reese v. CNH America LLC, 574 F.3d 315, 320 (6th Cir. 2009), citing Phelps v. McClellan, 30 F.3d 658 663 (6th Cir. 1994). As an exercise of that broad discretion, the Court determines, for the reasons cited above, that a transfer is appropriate here.

C.

Limited presents one final argument in opposition to the motion to transfer. It argues, citing Jeffrey Mining Products v. Left Fork Mining Co., 992 F.Supp. 937 (N.D. Ohio 1997), that because Spectrum chose this district as the appropriate forum when it removed the case from state court, it has given up the right to move for a change of venue. Jeffrey did so state, but only in the context of a motion filed under 28 U.S.C. §1406, noting that a "defendant who removes an action form state to federal court cannot then turn around and request a venue transfer pursuant to §1406(a), the applicable statute where venue in the transferring court is improper, because that party implicitly sanctioned venue in the federal district where he sought to move the state lawsuit." Id. at 938. Of course, Spectrum has neither argued that venue is improper here, nor sought a transfer under §1406(a) on grounds of improper venue, so

12

Limited's reliance on that decision is unfounded.  Cf. Jamhhour v. Scottsdale Ins. Co., 211 F.Supp. 2d 941 (S.D. Ohio 2002) (Sargus, J.) (granting motion for change of venue under §1404(a) of case removed from state court).

### III.

For the foregoing reasons, the Court GRANTS the motion to transfer venue (#30).  This case is TRANSFERRED to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1404(a).

IT IS SO ORDERED.


Date: May 25, 2010           s/James L. Graham
                             James L. Graham
                             United States District Judge